**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **ALLEN J. KEMP, JR.,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:06-cv-54-DJS |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Allen J. Kemp, Jr., to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

On February 22, 1995, Kemp was convicted by a jury of conspiracy to distribute, or possess with intent to distribute, marijuana, in violation of 21 U.S.C. § 846, and distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1). *United States v. Kemp*, 4:94-cv-00142-JCH (E.D.Mo.) On May 31, 1995, the Court entered judgment, sentencing Kemp to a term of 310 months of imprisonment on the conspiracy count to be served concurrently with 60 months of imprisonment on the distribution count; and five years of supervised release on the conspiracy count to be served concurrently with three years of supervised release on the distribution count. *Id.* On March 4, 1996, the Eighth Circuit issued its mandate affirming the Kemp's conviction and sentence. *United States v. Kemp*, 72 F.3d 134 (Table) (8th Cir. 1995). The Supreme Court denied Kemp's petition for writ of certiorari on January 13, 1997. *Kemp v. United States*, 519 U.S. 1076, 117 S.Ct. 736 (Mem) (1997).

Kemp's previous motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 was denied on March 26, 2001. *Kemp v. United States*, 4:98-cv-00056-DJS (E.D.Mo.). The

Eighth Circuit issued its mandate November 16, 2001, denying a certificate of appealability and dismissing Kemp's appeal. *Kemp v. United States*, No. 01-2336 (8th Cir. 2001). The Supreme Court denied Kemp's petition for writ of certiorari on April 1, 2002, and denied rehearing on May 20, 2002. *Kemp v. United States*, 535 U.S. 977, 122 S.Ct. 1451 (Mem) (2002).

**The motion**

Kemp seeks to vacate, set aside or correct his conviction and sentence on the grounds that (1) the Court considered acquitted conduct in determining Kemp's sentence; and (2) Kemp is innocent of the quantity of marijuana attributed to him and of the firearms offense which supported a sentencing enhancement.

**Discussion**

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the Kemp is not entitled to relief.

**A.      Second or successive petition.**

As noted above, Kemp previously sought relief pursuant to 28 U.S.C. § 2255. Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified...by a panel of the appropriate court of appeals to contain...newly discovered evidence...or...a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Because there is no indication that the Eighth Circuit Court of Appeals has certified the instant motion as required by § 2255, this Court lacks jurisdiction to entertain this action under § 2255.

At least three circuit courts, however, have held that when a petitioner files a second or successive habeas petition in the district court, without first seeking permission from the court of

appeals, the case should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam); *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997); *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996). Under § 1631, a "court shall, if it is in the interest of justice, transfer such action...to any other court in which the action...could have been brought at the time it was filed." *Liriano*, 95 F.3d at 122 (*quoting* 28 U.S.C. § 1631). Once the case is transferred, the court of appeals would then consider whether the second or successive petition meets the statutory requirements for consideration by the district court. *Id.* at 122-23.

Accordingly, this Court would not summarily dismiss the instant motion because it is a second or successive petition but would transfer it to the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631. However, the Court must also consider whether this motion is barred under the one-year statute of limitations that applies to motions made pursuant to 28 U.S.C. § 2255.

### B. Statute of limitations.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1) and is subject to summary dismissal. As noted above, the United States Supreme Court denied Kemp's petition for writ of certiorari on January 13, 1997. Thus, his judgment of conviction became final on January 13, 1997. *See Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 1076 (2003) (citations omitted) (stating that, for the purposes of 28 U.S.C. § 2255, a conviction becomes "final" when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Accordingly, Kemp had until January 13, 1998, in which to file his § 2255 motion. The instant motion, however, was not filed until January 12, 2006. It is, therefore, time-barred.

Kemp would apparently argue that his motion falls under § 2255(3) which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3).

This argument, however, is without merit. In *United States v. Moss*, 252 F.3d 993 (8th Cir. 2001), a panel of the Eighth Circuit Court of Appeals held that the precursor to *Booker, i.e., Apprendi v. New Jersey*, 120 S.Ct. 2348 (2000), was not of watershed magnitude and that the holding of *Teague v. Lane*, 489 U.S. 288 (1989) barred the retroactive application of an *Apprendi* claim on collateral review. Similar reasoning prevents *Booker* from being applied retroactively in the instant case.

Kemp would apparently also argue that the statute of limitations should be tolled because he is "actually innocent" of the quantity of marijuana attributed to him and of the firearms

offense which supported a sentencing enhancement. However, the Eighth Circuit has held that a claim of "actual innocence" is not sufficient to toll the statute of limitations. *Flanders v. Graves*, 299 F.3d 974, 976-77 (8th Cir. 2002) (citation omitted). In *Flanders*, the Court stated that actual innocence would be relevant to a claim that the statute of limitations should be equitably tolled only if petitioner could "show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion,.." or that a reasonably diligent petitioner could not have discovered such facts in time to file within the period of limitations. *Id*. at 978. Here, petitioner does not claim that respondent prevented him from discovering relevant facts or that other circumstances, not attributable to his own actions, prevented him from discovering these facts in a timely fashion. *See id.* Thus, to the extent that petitioner asserts that his innocence creates a gateway through which he can assert claims outside the limitations period, his motion should be denied.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] be **DISMISSED**, without prejudice, as time-barred.

An appropriate order shall accompany this memorandum and order.

Dated this   25th   day of  January , 2006.

    /s/Donald J. Stohr    
**UNITED STATES DISTRICT JUDGE**